**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PLUMBERS' PENSION FUND, LOCAL 130, U.A., PLUMBERS' WELFARE FUND, LOCAL 130, U.A., THE TRUST FUND FOR APPRENTICE AND JOURNEYMAN EDUCATION AND TRAINING, LOCAL 130, U.A., PLUMBERS' RETIREMENT SAVINGS PLAN FUND, LOCAL 130, U.A., and CHICAGO JOURNEYMEN PLUMBERS' LOCAL UNION 130, U.A., GROUP LEGAL SERVICES PLAN FUND, | ) ) ) ) ) ) ) ) ) ) | |
| | ) | Case No.: |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| DANIEL PELLEGRINI PLUMBING, LLC, | ) ) | |
| Defendant. | ) | |

**COMPLAINT AT LAW**

Plaintiffs, the PLUMBERS' PENSION FUND, LOCAL 130, U.A., et al., by its attorney, Michael J. McGuire, and the law firm of Gregorio ♦ Marco, complain of the Defendant, DANIEL PELLEGRINI PLUMBING, LLC and allege as follows:

**COUNT I**
**ERISA SUCCESSOR LIABILITY**

1.      This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2.      The Plumbers' Pension Fund, Local 130, U.A., Plumbers' Welfare Fund, Local 130, U.A. and the Plumbers' Retirement Savings Plan Fund, Local 130, U.A. (hereinafter referred to as the "Trust Funds") receive contributions from numerous employers pursuant to

Collective Bargaining Agreements between the employers and the Chicago Journeymen Plumbers' Local Union 130, U.A. (hereinafter referred to as the "Union").

3.      The Trust Funds are multi-employer plans as defined under 29 U.S.C. § 1002.

4.      The Trust Funds are administered at 1340 W. Washington Boulevard, Chicago, Illinois 60607 and venue is proper in the Northern District of Illinois.

5.      The Trust Funds previously received contributions from Pellegrini Plumbing, LLC pursuant to a Collective Bargaining Agreement, hereafter ("CBA") between Pellegrini Plumbing, LLC and the Union.  Pellegrini Plumbing, LLC owed and currently owes obligations including extensive unpaid contributions to the Trust Funds.  A copy of the CBA between the Union and Pellegrini Plumbing, LLC. is attached as **Exhibit 1**.

6.      The Defendant, DANIEL PELLEGRINI PLUMBING, LLC is an employer engaged in an industry affecting commerce with its principle place of business located at 14301 Surrey Court, Homer Glen, IL 60491.

7.       The Defendant was incorporated on November 7, 2019 for the specific intent of continuing the business operations of Pellegrini Plumbing, LLC and avoiding trust fund liability when Pellegrini Plumbing, LLC became in default of its obligations to the Plaintiffs.

8.      Defendant was incorporated, financed, and/or created by former members and officers of Pellegrini Plumbing, LLC including but not limited to Daniel Pellegrini or Kristie Pellegrini.

2

9.     The labor employed by Defendant and Daniel Pellegrini Plumbing, LLC to perform plumbing work is controlled and hired by Daniel Pellegrini.

10.     Defendant operates and works out of the same location as Pellegrini Plumbing, LLC at 14301 Surrey Court, Homer Glen, IL 60491.

11.     Defendant has the same Illinois Plumber licensed plumber Daniel Pellegrini as Pellegrini Plumbing, LLC.   Defendant continues to use the plumbing licensed issued to Pellegrini Plumbing, LLC for projects it performs plumbing work on.

12.     That Defendant took over Pellegrini Plumbing, LLC business operations including its jobs and workforce and was aware of Pellegrini Plumbing, LLC's trust fund obligations at such time.

13.     The Defendant has hired current and former employees of Pellegrini Plumbing, LLC. including Daniel Pellegrini and Kristie Pellegrini, and other currently unknown workers and plumbers to perform plumbing work for Daniel Pellegrini Plumbing, LLC and continue the business operations of Pellegrini Plumbing, LLC without interruption.

14.     Defendant has taken over business relationships with general contractors, including but not limited to K.J.M Construction who at all relevant times previously subcontracted Pellegrini Plumbing, LLC to perform plumbing work.

15.     Defendant uses substantially the same workforce as Pellegrini Plumbing, LLC, including Daniel Pellegrini, to perform plumbing.

3

16.     Through agreement between Daniel Pellegrini or other officers or members of Pellegrini Plumbing, LLC, Defendant has taken ownership of tools and/or equipment used in the plumbing trade of Pellegrini Plumbing, LLC

18.     That Daniel Pellegrini Plumbing, LLC is a successor in interest of Pellegrini Plumbing, LLC.

19.     The CBA and Trust Agreements require the employers to submit monthly reports listing the hours worked by its bargaining unit employees (hereinafter referred to as "monthly contribution reports") and to make concurrent payment of contributions to the Trust Funds based upon the hours worked by said employees.  In addition, employers are required to make contributions to the Trust Funds measured by the hours worked by its subcontractors who are not signatory to a CBA with the Union.

20.     The CBA and Trust Agreements provide that employers who do not timely pay fringe benefit contributions are also liable for liquidated damages, interest, reasonable attorney's fees, court costs, audit fees and other reasonable costs incurred in the collection process.

21.     Pellegrini Plumbing, LLC breached the provisions of the CBA and Trust Agreements by failing to submit fringe benefit contributions to the Trust Funds.

22.     Daniel Pellegrini Plumbing, LLC succeeded to the liability of Pellegrini Plumbing, LLC when they took over and continued the business operations of Pellegrini Plumbing, LLC and were aware of the fringe benefit obligations owed to the Plaintiff Trust Funds at that time.

23.     As a result of said breaches, the Defendant is also liable to the Plaintiffs for the following ancillary damages:

     a.   attorney fees and costs pursuant to the CBA and 29 U.S.C. §1132(g)(2)(D);

     b.   liquidated damages and interest pursuant to the CBA, Trust Agreements and 29 U.S.C. §1132(g)(2)(B); or

     c.   double interest pursuant to E.R.I.S.A., 29 U.S.C. §1132(g)(2)(C).

WHEREFORE, Plaintiffs pray:

A.     That the Defendant be ordered to pay all contributions owed to the Plaintiffs by Pellegrini Plumbing, LLC.

B.     That the Defendant be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B).

C.     That the Defendant be ordered to pay interest or liquidated damages on any amount that is due pursuant to 29 U.S.C. §1132(g)(2)(C).

D.     That the Defendant be ordered to pay reasonable attorney fees and costs incurred by the Plaintiffs.

E.     That Plaintiffs have such other and further relief as the Court deems just and equitable.

BY:     /s:/Michael J. McGuire
MICHAEL J. MCGUIRE

Michael J. McGuire
ARDC #: 6290180
Gregorio ♦ Marco
Attorney for Plaintiffs
2 North LaSalle Street
Chicago, IL 60602
(312) 263-2343

5