IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PLUMBERS' PENSION FUND, LOCAL 130, U. A., PLUMBERS' WELFARE FUND, LOCAL 130, U. A., THE TRUST FUND FOR APPRENTICE AND JOURNEYMAN EDUCATION AND TRAINING, LOCAL 130, U. A., PLUMBERS RETIREMENT SAVINGS PLAN FUND, LOCAL 130, U. A., and CHICAGO JOURNEYMAN PLUMBERS' LOCAL UNION 130, U. A., GROUP LEGAL SERVICES PLAN FUND,<br><br>Plaintiffs,<br><br>v.<br><br>DANIEL PELLEGRINI PLUMBING, LLC.,<br><br>Defendant. | No. 20 CV 05024<br><br>Hon. Steven C. Seeger |

## MOTION TO DISMISS COMPLAINT

Now come the Defendant, DANIEL PELLEGRINI PLUMBING, LLC., by and through its attorneys, The Law Firm of David W. Daudell, and for its Motion to Dismiss Plaintiff's Complaint, pursuant to Rule 12(b)(6), states as follows:

Procedural History

1. Plaintiffs initially filed suit against defendant Pellegrini Plumbing, LLC., in December of 2014, in case number 14 CV 9833, before Judge Zagel. That matter was terminated in November 2016, as a result of Mr. Pellegrini's bankruptcy filing in Case No. 16 B 150003.

2. Pellegrini Plumbing, LLC., and Pellegrini Plumbing (sole proprietorship) were listed as assets of Mr. Pellegrini in the bankruptcy. As the entities were dissolved, they were listed as having no assets. Plaintiffs herein (as represented by counsel for Plaintiff), as well as the prior lawsuit, Case No. 14 CV 9833, were listed as creditors in Mr. Pellegrini's bankruptcy.

3. Pellegrini Plumbing, LLC., previously utilized employees, operated out of a leased premises, concentrated on commercial plumbing jobs and regularly employed two or more Journeyman Plumbers. Subsequent to the bankruptcy, Daniel Pellegrini Plumbing, LLC., concentrates on small residential work and employs Daniel and his wife, Khristie Pellegrini.

Purpose of Bankruptcy

4. Congress enacted the Bankruptcy Act in 1898, which together with the 1938 Chandler Act amendments lasted until 1978 when Congress passed the Bankruptcy Reform Act. In 2005, Congress adopted the Bankruptcy Abuse Prevention and Consumer Protection Act. The purpose of bankruptcy law is to give a debtor a fresh start and to resolve disputes among creditors.

Complaint

5. Plaintiffs herein have made numerous unverified allegations against an Illinois corporation, DANIEL PELLEGRINI PLUMBING, LLC. Plaintiffs initially fail to set out a statement of the grounds for the Court's jurisdiction, as required by Federal Rule of Civil Procedure 8(a)(1).

Transfer Allegations

6. The essence of Plaintiffs' claim is that Defendant is a "successor in interest" of Pellegrini Plumbing, LLC. *See*: Complaint, (Dkt. No. 1), at par. 18. However, as defined in the Miriam-Webster dictionary, the legal definition of "successor in interest" is as follows:

> a successor to another's interest in property especially; a successor in ownership of a business that is carried on and controlled substantially as it was before the transfer

7. In this instance Plaintiffs have not alleged an interest in property (other than tools and/or equipment), nor have they adequately alleged a transfer of any property. Plaintiffs also do not explain why this alleged "transfer" of tools and/or equipment, if unlawful, was not raised in the bankruptcy proceeding.

Breach of Contract

8. Plaintiffs' appears to be attempting to allege the breach of an agreement. *See*: Complaint, par. 21. This agreement, attached as Exhibit A, to the Complaint, is with Pellegrini Plumbing Corporation, (rather than Defendant Daniel Pellegrini Plumbing, LLC.), and was executed on October 8, 2009. Exhibit A to the Complaint and further states that the Agreement is effective as of June 1, 1992. *See*: Exhibit A, par. 4-5. The attached agreement also states that the party to the agreement "... regularly employees not less than two (2) Journeyman Plumbers..." *See*: Exhibit A, Preamble.

9. Plaintiffs have essentially alleged a breach of a written contract, entered into by a different entity, made over 10 years ago. Further, the Complaint does not allege that the Defendant employed two or more Journeyman Plumbers as required in the Agreement attached to the Complaint.

10. Rather, Plaintiffs maintain that Mr. Pellegrini's new corporation, employing himself and his wife and performing residential plumbing based out of his residence, is in essence the same entity that previously operated out of leased property, perform commercial work and employed multiple Journeyman Plumbers.

Incorporation

11. The entire purpose of incorporation is to shield shareholders from corporate liability. *See: Domino's Pizza, Inc. v. McDonald's*, 546 U.S. 470, 477, 126 S. Ct. 1246, 163 L.Ed.2d 1069 (2006). Plaintiffs herein ignore this purpose and seek to hold a separate corporation liable for the contract of another, based in part upon unity of interest and ownership. Plaintiffs have not adequately alleged that the purpose of corporation in the instant case was for anything other than a lawful business purposes.

Successor Liability

12. Under Illinois law, successor liability can occurs when a corporation merges with another corporation and purchases the business assets thereof. However, the successor corporation does not become liable for the debts of the prior corporation absent an express agreement to assume the debts of the prior corporation. *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1084 (7th Cir. 1997). An exception to the general rule exists for the transaction amounts to a consolidation or merger of the seller corporation and the purchaser is merely a continuation of the seller. Id. at 1084.

13. In the instant case, the Defendant, Daniel Pellegrini Plumbing, LLC., was incorporated on November 7, 2019. The previous entity, Pellegrini Plumbing, LLC., was dissolved on October 14, 2016, three years prior to the formation of the defendant herein. Plaintiffs have failed to make any allegations that the Defendant herein is a successor corporation liable for the debts of the previous corporation.

14. Finally, Plaintiffs have not verified their allegations. This allows Plaintiffs to make inaccurate allegations with regard to the licensing of the separate businesses, as alleged in Paragraph 11 of the Complaint.

Legal

15. "A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must include a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

16. The Supreme Court requires that a Plaintiff plead facts pursuant to Federal Rule of Civil Procedure 8(a)(2). That Rule requires that a complaint must include the "grounds" of its perceived "entitlement to relief" rather than a blanket assertion of entitlement to relief. Under federal notice

pleading standards, a plaintiff's "factual allegations must be enough to raise the right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Conley v. Gibson*, 355 U.S. 41 (1957).

Argument

17. If Plaintiffs are unhappy with the voiding of their claim pursuant to the bankruptcy action, they should have proceeded in that case as the proper venue. Instead, Plaintiffs have filed the instant action, absent a claim of jurisdiction, seeking to enforce a contract in excess of 10 years against an entity that was not a party to the agreement attached to the Complaint. The unverified claim is devoid of specificity and merely makes generalized claims regarding its cause of action and its entitlement to relief in this venue.

Conclusion

18. After seeking and obtaining protection under the bankruptcy statutes, Mr. Pellegrini has sought a fresh start to conduct his trade. Contrary to well-established bankruptcy and corporate precedent, Plaintiffs seek to assert a baseless contract claim, in excess of 10 years, against a different corporate entity.

19. In order for the Plaintiffs to proceed against Mr. Pellegrini's new corporation, they must present a viable set of allegations in the correct venue. Plaintiffs' Complaint fails to do so.

WHEREFORE, for all the above and forgoing reasons, Defendant DANIEL PELLEGRINI PLUMBING, LLC., prays that this Court dismiss Plaintiffs' Complaint with prejudice, award Defendant costs and fees, and for such further relief as this Court deems just and equitable.

Respectfully Submitted

*Daniel Pellegrini*
Daniel Pellegrini
Owner, Daniel Pellegrini, LLC

/s/ David Daudell
David Daudell
The Law Firm of David Daudell
211 West Wacker Drive 5th Floor
Chicago, Illinois 60606
No. 620974