UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PLUMBERS' PENSION FUND, LOCAL 130, U.A., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 20-cv-5024 |
| v. | ) ) | Hon. Steven C. Seeger |
| PELLEGRINI PLUMBING, LLC and DANIEL PELLEGRINI PLUMBING, LLC, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Construction and plumbing companies often enter into collective bargaining agreements with local unions, and have to pay contributions for fringe benefits for their workers. If they don't pay the contributions, the pension funds can come after them for the amounts owed. The case at hand is case in point.

Plumbers' Pension Fund, Local 130 and a few other pension funds filed suit against Daniel Pellegrini Plumbing, LLC, seeking to recover unpaid contributions owed by a dissolved company (Pellegrini Plumbing, LLC). They later filed an amended complaint, advancing new claims and adding Pellegrini Plumbing, LLC as a defendant.

Defendants, in turn, moved to dismiss for lack of subject matter jurisdiction. The motion to dismiss is granted in part and denied in part.

**Background**

Plumbers' Pension Fund, Local 130 and the other Plaintiffs are pension funds that receive contributions from employers under collective bargaining agreements. One of those employers

was Pellegrini Plumbing, LLC. As a signatory to the CBA, the company had to make fringe benefit contributions to the Funds for all hours worked by Local 130 Union members, non-members who performed plumbing work, or subcontractors who performed plumbing work for the company.

Pellegrini Plumbing, LLC is not to be confused with Daniel Pellegrini Plumbing, LLC. If the names look similar, that's the whole point. The gist of the lawsuit is that the new company (Daniel Pellegrini Plumbing, LLC) is responsible for the obligations of the old company (Pellegrini Plumbing, LLC).

This case is the second time that the parties have come to the federal courthouse. In 2014, before Daniel Pellegrini Plumbing, LLC sprang into existence, the Funds sued Pellegrini Plumbing, LLC to recover unpaid contributions under the CBA. In 2016, Judge Shah entered judgment against Pellegrini Plumbing, LLC for $737,967.38. *See Plumbers' Pension Fund, Loc. 130, U.A. v. Pellegrini Plumbing, LLC*, No. 14-cv-9933 (N.D. Ill. 2016) (Dckt. No. 56).

Pellegrini Plumbing, LLC paid some, but not all, of the judgment. The company eventually went bust and dissolved, leaving hundreds of thousands of dollars of unpaid contributions.

The owner of the company, Daniel Pellegrini, turned over a new leaf (or, depending on your perspective, maybe he turned over the *same* leaf). In 2019, Daniel Pellegrini created a new company: Daniel Pellegrini Plumbing, LLC.

The following year, the Funds returned to the federal courthouse and filed this follow-on case. The Funds basically seek to hold the new company (Daniel Pellegrini Plumbing, LLC) responsible for the unpaid contributions owed by the old company (Pellegrini Plumbing, LLC).

2

The Funds have filed two complaints in the case at hand. The original complaint included only one claim against only one defendant. The Funds brought a successor liability claim under ERISA against Daniel Pellegrini Plumbing, LLC for the unpaid contributions. The complaint alleged that Daniel Pellegrini Plumbing, LLC "was incorporated on November 7, 2019 for the specific intent of continuing the business operations of Pellegrini Plumbing, LLC and avoiding trust fund liability when Pellegrini Plumbing, LLC became in default of its obligations to the Plaintiffs." *See* Cplt., at ¶ 7 (Dckt. No. 1).

According to the original complaint, Daniel Pellegrini (meaning the natural person) is the plumber behind the curtain of both companies, and he simply continued the business operations of Pellegrini Plumbing, LLC under a new name (Daniel Pellegrini Plumbing, LLC). The new company has the same location, the same workforce, and so on, as the old company. *Id.* at ¶¶ 10–16. As the Funds see it, Pellegrini Plumbing, LLC breached the collective bargaining agreement by failing to make contributions, and Daniel Pellegrini Plumbing, LLC is on the hook for those liabilities as its successor. *Id.* at ¶¶ 21–22.

Daniel Pellegrini Plumbing, LLC, in turn, raised an issue about the existence of subject matter jurisdiction. *See* Def.'s Resp., at 2–4 (Dckt. No. 56). It flagged the fact that the complaint included only a successor liability claim. And it pointed to a Seventh Circuit case, *East Central Illinois Pipe Trades Health & Welfare Fund v. Prather Plumbing & Heating, Inc.*, 3 F.4th 954 (7th Cir. 2021), which held that federal courts lack jurisdiction over a standalone claim for successor liability to enforce a prior ERISA judgment.

This Court, in turn, ordered the Funds to file a statement and address subject matter jurisdiction. *See* 4/25/22 Order (Dckt. No. 61). The Funds later did so. *See* Pls.' Statement (Dckt. No. 64).

3

But instead of defending that complaint, the Funds elected to file a new one. *See* Am. Cplt. (Dckt. No. 66). The Funds filed an amended complaint with four counts. This time, the amended complaint included Pellegrini Plumbing, LLC (the old company) as a defendant, too.

Count I is an alter ego claim under ERISA against Daniel Pellegrini Plumbing, LLC (only). It alleges that Daniel Pellegrini Plumbing, LLC is the alter ego of Pellegrini Plumbing, LLC, and thus is responsible for its unpaid contributions.

Count II alleges a breach of the collective bargaining agreement by both Pellegrini Plumbing, LLC and Daniel Pellegrini Plumbing, LLC. The amended complaint points to language in the CBA, alleging that the agreement "shall be equally binding on the Employer and its successors and assigns." *Id.* at ¶ 39 (quoting Collective Bargaining Agreement, at § 14.2 (Dckt. No. 66-2)). The amended complaint alleges that Pellegrini Plumbing, LLC breached the agreement by failing to notify the Union that it was "changing its name." *Id.* at ¶ 41. The amended complaint also alleges that Daniel Pellegrini, LLC, "as a successor," violated the collective bargaining agreement by failing to pay "for all plumbing work performed by" the two companies. *Id.* at ¶ 43.

Count III is a successor in interest claim against Daniel Pellegrini, LLC under Illinois law.

Finally, Count IV is called "Successor in Interest Federal Law against Defendant Daniel Pellegrini [Plumbing, LLC]." *Id.* at 11. Count IV alleges that Daniel Pellegrini Plumbing, LLC is the successor in interest of Pellegrini Plumbing, LLC, and therefore is obligated to pay Pellegrini Plumbing, LLC's debts. *Id.* at ¶¶ 64, 68.

4

Count IV invokes the section of ERISA that requires contribution payments. *Id.* at ¶ 59 (citing 29 U.S.C. § 1145). The amended complaint also invokes the enforcement provision of ERISA (29 U.S.C. § 1132, also known as section 502 of ERISA), as well as federal common law. *See* Am. Cplt., at ¶¶ 59–60 (Dckt. No. 66). According to the Funds, Count IV falls within the Court's supplemental jurisdiction, *see* 28 U.S.C. § 1367(a), as a claim related to the federal claims in Counts I and II. *See* Am. Cplt., at ¶ 58.

Defendants responded by renewing the challenge to subject matter jurisdiction. *See* Defs.' Mtn. to Dismiss (Dckt. No. 70). By and large, the motion to dismiss focuses on the jurisdictional statement that the Funds filed in response to this Court's query about the original complaint. There isn't much of a discussion of the amended complaint.

Daniel Pellegrini Plumbing, LLC points out that it was not a party to the collective bargaining agreement. And once again, it relies on the Seventh Circuit's decision in *Prather Plumbing*. In the end, Defendants seeks dismissal "with prejudice," which isn't possible when a dismissal rests on a lack of subject matter jurisdiction. *See Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 969 (7th Cir. 2016) ("The district court here dismissed the plaintiffs' claims for lack of subject-matter jurisdiction, which is a dismissal without prejudice.").

## Discussion

By all appearances, Defendants seem to challenge the existence of subject matter jurisdiction by aiming at the wrong target. The motion to dismiss focuses on the jurisdictional statement about the original complaint, without devoting much attention to the amended complaint.

That said, district courts have an independent obligation to confirm the existence of subject matter jurisdiction. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). After taking

5

a close look, the Court concludes that the amended complaint fills the jurisdictional potholes spotted in the original complaint (but not entirely).

Taking a step back, the amended complaint includes a claim for alter ego liability (Count I), and claims for successor liability (Counts III and IV). The two doctrines often come into play in the same case, but they are fundamentally different. Alter ego liability is direct liability – that is, it is liability based on the defendant's *own* conduct. But successor liability is vicarious liability – that is, it is about holding the defendant liable for the conduct of someone else.

By way of illustration, imagine filing suit against Batman, based on the conduct of Bruce Wayne. That's alter ego liability. Batman and Bruce Wayne are the same person. The face behind the mask is the same as the face without the mask. So suing one is the same as suing the other.

On the flipside, imagine suing Superman and attempting to hold him liable for the torts committed by Batman (maybe they have an agreement as members of the Justice League, or maybe he bought the assets and liabilities of Wayne Enterprises). That's successor liability – the defendant is holding the bag for wrongs committed by someone else.

The amended complaint at hand includes claims that fall into each category. Count I is an alter ego claim under ERISA, alleging that Pellegrini Plumbing, LLC and Daniel Pellegrini Plumbing, LLC are one and the same.

This Court has jurisdiction over an alter ego claim because it involves direct liability, not vicarious liability. That is, it is a claim that the defendant *itself* has violated ERISA. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1038 (7th Cir. 2000) ("[A] contention that *A* is *B*'s 'alter ego' asserts that *A* and *B* are *the same entity*; liability then is not vicarious but direct.") (emphasis in original); *Boim v. Am. Muslims for*

6

*Palestine*, 9 F.4th 545, 553 (7th Cir. 2021) ("If Company *A* and Company *B*, though nominally two enterprises, are effectively a singular organization operating under two names, then *A* is directly responsible for *B*'s obligations and wrongdoings because they are one and the same organization. . . . But the mere fact that two entities are alter egos does not give rise to liability on its own – the underlying liability must arise from some source of substantive law, state or federal."); *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 85 F.3d 1282, 1284–86 (7th Cir. 2021).

The Seventh Circuit cemented the point in *Prather Plumbing*. "In *Elite Erectors*, we reasoned that alter ego liability arguments are, in substance, claims for direct liability under ERISA, because they allege that a new company is one and the same as the old company and has therefore violated ERISA by failing to comply with the contractual obligations of the old company." *See Prather Plumbing*, 3 F.4th at 962. In that situation, "a fund can invoke the cause of action in ERISA, 29 U.S.C. § 1132, to pursue a claim against the alleged alter ego for itself violating ERISA." *Id.* at 962–63.

In short, this Court has subject matter jurisdiction over the alter ego claim (Count I). The Funds allege that Daniel Pellegrini Plumbing, LLC is the alter ego of Pellegrini Plumbing, LLC, so a violation of ERISA by one is a violation of ERISA by the other. In essence, it is a claim that Daniel Pellegrini Plumbing, LLC *itself* violated ERISA, because Daniel Pellegrini Plumbing, LLC *is* Pellegrini Plumbing, LLC. Unmasked, Daniel Pellegrini Plumbing, LLC's true identity is Pellegrini Plumbing, LLC.

This Court has jurisdiction over Count II as well. That claim alleges that both Defendants breached the collective bargaining agreement and thus violated the (federal) Labor Management Relations Act. *See* 28 U.S.C. § 185. More specifically, the amended complaint

7

alleges that Pellegrini Plumbing, LLC is liable as the signatory, and that Daniel Pellegrini Plumbing, LLC is liable as the "successor" within the meaning of the collective bargaining agreement. *See* Am. Cplt., at ¶¶ 38, 40–41, 43 (Dckt. No. 66). The collective bargaining agreement includes a provision that binds successors, at least in certain circumstances. *See* Collective Bargaining Agreement, at § 14.2 (Dckt. No. 66-2) ("This Agreement shall be equally binding on the Employer and its successors and assigns . . . .").

That claim may or may not pan out in the end, but jurisdiction does not depend on success on the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.,* the courts' statutory or constitutional *power* to adjudicate the case.") (emphasis in original); *Bell v. Hood*, 327 U.S. 678, 682 (1946) ("Jurisdiction, therefore, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction."). What matters is that the Funds have alleged that the Defendants violated a federal statute.

The third claim falls under state law. Count III is a successor liability claim, seeking to hold Daniel Pellegrini Plumbing, LLC responsible for the obligations of Pellegrini Plumbing, LLC. This Court can exercise supplemental jurisdiction over that state law claim. This Court has original jurisdiction over the first two claims, and the third claim is so related that it forms the same case or controversy. *See* 28 U.S.C. § 1367. It is the jurisdictional equivalent of in-for-a-penny, in-for-a-pound.

8

The fourth and final claim is more problematic. Count IV is a successor liability claim under federal law. The amended complaint invokes the section of ERISA that requires contribution payments (29 U.S.C. § 1145), plus ERISA's enforcement provision (29 U.S.C. § 1132). *See* Am. Cplt., at ¶ 59 (Dckt. No. 66). The amended complaint invokes federal common law, too. *Id.* at ¶ 60. Count IV also alleges a breach of the collective bargaining agreement by both Defendants (but the claim itself is against only the new company, Daniel Pellegrini Plumbing, LLC). *Id.* at ¶ 67.

That claim gets clogged in the works by *Prather Plumbing*. There, the Seventh Circuit expressly concluded that there is no "standalone federal right of action to collect an ERISA judgment against an alleged successor." *See Prather Plumbing*, 3 F.4th at 961; *see also id.* at 963 ("As there is no federal statutory right of action for successor liability under ERISA, nor a judicially recognized private implied right of action, the funds have failed to demonstrate that this claim arises under federal law."); *Peacock v. Thomas*, 516 U.S. 349, 353 (1996) ("We are not aware of . . . any provision of ERISA that provides for imposing liability for an extant ERISA judgment against a third party."); *Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825, 833 (1988) ("ERISA does not provide an enforcement mechanism for collecting judgments . . . .").[1]

---

[1] Other areas of ERISA recognize successor liability. A common example is withdrawal liability, meaning liability when an employer leaves a multiemployer pension plan and the successor must pay the proportionate share of unfunded liabilities for vested benefits. *See Ind. Elec. Workers Pension Benefit Fund v. ManWeb Servs., Inc.*, 884 F.3d 770, 773–74 (7th Cir. 2018) ("The Employee Retirement Income Security Act of 1974 (ERISA), as amended by the Multiemployer Pension Plan Amendments Act of 1980 (MPPAA), establishes withdrawal liability for employers leaving a multiemployer pension plan. 29 U.S.C. § 1381. . . . Successor liability can apply under the MPPAA when the purchaser had notice of the liability and there is continuity of business operations."); *see also id.* at 775–76.

There, as here, the litigants invoked ERISA's civil enforcement provision (29 U.S.C. § 1132) and the provision requiring contributions (29 U.S.C. § 1145). *See Prather Plumbing*, 3 F.4th at 961; Pls.' Resp., at 8 (Dckt. No. 72) ("*Section 1132* provides a specific right of action for the Plaintiff Trust Funds to enforce *§ 1145* against the Defendants in the instant action as the Plaintiffs are pursuing pre-existing and current obligations against Defendants.") (emphasis in original). But the Seventh Circuit concluded that those provisions do not create a cause of action for successor liability to enforce a prior judgment. *See Prather Plumbing*, 3 F.4th at 961 ("Although the funds cite two provisions of ERISA in their jurisdictional statement on appeal – the civil enforcement provision, 29 U.S.C. § 1132, and the provision mandating that employers contribute to multiemployer benefits plans, *id.* § 1145 – neither section authorizes a lawsuit to hold a successor liable for a prior ERISA judgment."). So, invoking ERISA does the Funds no good because the statute does not create a cause of action to enforce a prior judgment against a successor in interest.

The Seventh Circuit added that invoking federal common law is not enough to give rise to a cause of action, either. "We have recognized that successor liability in the ERISA domain is a creation of federal common law. In that sense, the funds' complaint implicates federal law. But it does not necessarily follow that federal law has also created a cause of action to enforce this doctrine in federal court."[2] *Id.* at 960 (citation omitted).

The Funds seek refuge in *McCleskey v. CWG Plastering, LLC*, 897 F.3d 899 (7th Cir. 2018), but it cannot come to the rescue of Count IV, at least not entirely. There, the Seventh

---

[2] Federal common law does not create a claim for successor liability for a prior judgment in this context. But federal common law could come into play if a complaint alleged that the successors themselves were violating ERISA. *See McCleskey v. CWG Plastering, LLC*, 897 F.3d 899 (7th Cir. 2018). In that situation, federal common law could determine whether the alleged successors are, in fact, successors. But federal common law itself does not give rise to an ERISA claim.

Circuit addressed the viability of a successor liability claim when the complaint alleged a *continuing* violation of a collective bargaining agreement signed by a predecessor. *Id.* at 902–03 ("In our case, the Funds argue that CWG is engaged in an ongoing violation of the NLRA and ERISA by failing to comply with an extant collective bargaining agreement."). The Court of Appeals held that subject matter jurisdiction existed because the complaint alleged a violation of a federal statute.

So, putting it all together, under ERISA, a plaintiff cannot sue a successor to enforce a prior judgment entered against its predecessor. That's *Prather Plumbing*. But a plaintiff can sue a successor who is bound by a collective bargaining agreement when the plaintiff alleges that the successor continues to violate that agreement. That's *McCleskey*.

Applying those principles here, the viability of Count IV depends on what, exactly, the Funds are alleging. One way to read the claim is that Daniel Pellegrini Plumbing, LLC is the successor to Pellegrini Plumbing, LLC, and as the successor, it is liable for its predecessor's liabilities – including the outstanding judgment for unpaid contributions. *See* Am. Cplt., at ¶ 68 (Dckt. No. 66) ("Daniel Pellegrini [Plumbing, LLC] succeeded to the liability of Pellegrini [Plumbing, LLC] when [it] took over and continued the business operations of Pellegrini [Plumbing, LLC] . . . ."). That is, it is possible to read Count IV to allege that Daniel Pellegrini Plumbing, LLC is responsible for paying the tab of Pellegrini Plumbing, LLC, but is not *itself* committing any ongoing violations of ERISA. If so, that's not a claim under ERISA. *See Prather Plumbing*, 3 F.4th at 961–63.[3]

---

[3] This Court has federal question jurisdiction in light of the alter ego claim (Count I) and the claim about breaching the collective bargaining agreement (Count II). So, in theory, a district court could exercise supplemental jurisdiction over some other claim, even if the court would not have original jurisdiction over that claim standing alone. Supplemental jurisdiction would make sense if the amended complaint alleged a violation of state law (like Count III). *See* 13D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3567 (3d ed. Apr. 2022 update) ("Supplemental claims are governed by

Another way to read Count IV is that Daniel Pellegrini Plumbing, LLC is the successor to Pellegrini Plumbing, LLC *under the collective bargaining agreement*, and as the successor, Daniel Pellegrini Plumbing, LLC *itself* is breaching the collective bargaining agreement. *See* Am. Cplt., at ¶ 67 (Dckt. No. 66) ("Pellegrini [Plumbing, LLC] and Daniel Pellegrini [Plumbing, LLC] breached the provisions of the CBA and Trust Agreements by failing to submit fringe benefit contributions to the Trust Funds."). If so, that's a claim under ERISA. *See McCleskey*, 897 F.3d at 902–03; *see also Prather Plumbing*, 3 F.4th at 960 (noting that the claim in *McCleskey* "belonged in federal court because . . . the funds alleged that the son's business was 'engaged in an ongoing violation of the NLRA and ERISA by failing to comply with an extant collective bargaining agreement'") (quoting *McCleskey*, 897 F.3d at 903).

In sum, there is no federal cause of action for successor liability under ERISA to enforce a prior judgment, so the last claim cannot survive to the extent that it alleges otherwise. But Count IV survives to the extent that the Funds are alleging that Daniel Pellegrini Plumbing, LLC itself is breaching the collective bargaining agreement.[4]

---

state substantive law."). But supplemental jurisdiction is not a hook for allowing a claim that invokes ERISA when there is no such claim under ERISA. In other words, ERISA does not recognize a claim for successor liability for a prior judgment – meaning holding one company responsible for a judgment entered against another company – so supplemental jurisdiction cannot save the day.

[4] At first blush, it isn't always easy to see the dividing line between a failure to state a claim, and a lack of federal question jurisdiction, when a complaint invokes a federal statute. In other words, when does the non-existence of a claim under a federal statute become a *jurisdictional* problem? In *Peacock*, the Supreme Court noted the non-existence of a claim, stating that it was "not aware of . . . any provision of ERISA that provides for imposing liability for an extant ERISA judgment against a third party." *See Peacock*, 516 U.S. at 866. The Supreme Court later added that the plaintiff "failed to allege a claim under § 502(a)(3) for equitable relief." *Id.* In the end, the problem was jurisdictional because the plaintiff did not allege a violation *of* a federal statute. "Even if ERISA permits a plaintiff to pierce the corporate veil to reach a defendant not otherwise subject to suit under ERISA, Thomas could invoke the jurisdiction of the federal courts only by independently alleging a violation of an ERISA provision or a term of the plan." *Id.* That is, the district court lacked subject matter jurisdiction "[b]ecause Thomas alleged no 'underlying' violation of any provision of ERISA or an ERISA plan." *Id.* at 867; *see also McCleskey*, 897 F.3d at 902–03 ("[T]he Funds argue that CWG is engaged in an *ongoing violation* of the NLRA and ERISA by failing to comply with an extant collective bargaining agreement. To the extent that

12

**Conclusion**

For the foregoing reasons, the motion to dismiss is hereby granted in part and denied in part. The motion to dismiss Count IV is granted to the extent that it alleges successor liability under ERISA to enforce a prior judgment without an ongoing violation of the collective bargaining agreement by Daniel Pellegrini Plumbing, LLC. The motion to dismiss is otherwise denied.

Date: January 18, 2023

Steven C. Seeger
United States District Judge

---

*Peacock* rested on a concern about the existence of a federal basis for the action, it does not appear to apply here.") (emphasis added).